RACHAEL A. HONIG
Acting United States Attorney
JOHN STINSON
Assistant United States Attorney
402 East State Street
Trenton, NJ 08608
Tel. (609) 858-0305
Email: John.Stinson@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| QUENTON GOSTON, *Petitioner,* v. DAVID ORTIZ, *Respondent.* | Hon. Renée Marie Bumb, U.S.D.J. Civil Action No. 20-15703 |

RESPONDENT'S RESPONSE IN OPPOSITION TO GOSTON'S "EMERGENCY MOTION TO REPORT A VIOLATION OF THE PETITIONER'S FIRST & FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHTS"

RACHAEL A. HONIG
ACTING UNITED STATES ATTORNEY
*Counsel for Respondent*

ON THE ANSWER:
John Stinson
Assistant United States Attorney

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................... 1
STATEMENT OF FACTS ...................................................................................... 1
    A.   Petitioner's Conviction And Sentence ................................................. 1
    B.   Petitioner's Motion For Compassionate Release In Federal Court In Michigan ................................................................................................. 3
    C.   Petitioner's Relevant Administrative History And Use Of The BOP Form At Issue Here ................................................................................. 5
    D.   Petitioner's Action In This Court ....................................................... 6
ARGUMENT ........................................................................................................... 7
    A.   This Action Must Be Dismissed For Mootness And Lack Of Standing ............ 7
    B.   There Is No Jurisdiction To Hear Goston's Motion To Report Because He Does Not Seek Immediate Release From This Court ................................................. 9
    C.   This Court Should Permit The Sentencing Court To Adjudicate Goston's Compassionate Release Request ........................................................ 11
    D.   Goston Has Not Exhausted Administrative Remedies Regarding His Policy Challenge ............................................................................................ 12
    E.   The CR/RIS Form Creates No Constitutional Barriers To Relief ................... 13
CONCLUSION ...................................................................................................... 16

**INTRODUCTION**

Petitioner Quenton Goston, Register Number 54841-039 ("Petitioner" or "Goston"), is a 26-year old federal inmate currently incarcerated at the Federal Correctional Institution ("FCI") at Fort Dix, New Jersey. He initiated this matter with a filing captioned "Emergency Motion To Report a Violation of the Petitioner's First & Fourteenth Amendment Constitutional Rights." ECF 1 (the "Motion to Report"). Through the Motion to Report, Goston seeks the equivalent of a declaratory judgment that Respondent, the Warden of FCI Fort Dix, barred his guaranteed right of access to the courts in violation of the First and Fourteenth Amendments. Goston's claim is that Respondent has made it impossible for him to seek compassionate release from the federal court in Michigan that sentenced him for an armed carjacking conviction. The record before that court demonstrates otherwise, however, as does the pertinent administrative record here. Respondent respectfully requests that this Court either dismiss the Motion to Report or deny it on the merits for the reasons that follow.

**STATEMENT OF FACTS**

**A.     Petitioner's Conviction And Sentence**

On December 1, 2016, a federal grand jury issued a Second Superseding Indictment charging Goston for two incidents of carjacking in violation of 18 U.S.C. § 2119 (Counts Three and Eleven) and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Four and Twelve). *See* Second Superseding Indictment (docket no. 60), *United States v. McGowan et al.*, 5:15-cr-20694 (E.D.

1

Mich. Dec. 1, 2016).[1] The charges against Goston were part of charges against a larger armed carjacking ring in and around Detroit. *Id*.

On May 31, 2017, Goston signed a detailed agreement wherein he pleaded guilty to Counts Eleven and Twelve, covering an armed carjacking on September 25, 2015. Plea Agreement (docket no. 79), *United States v. Goston*, 5:15-cr-20694 (E.D. Mich. May 31, 2017) (the "Plea Agreement"). The Plea Agreement notes that the carjacking charge carried a penalty of up-to 20 years and the use of a firearm in the commission of a violent felony charge carried a penalty of up-to life in prison. *Id*. If the sentencing court accepted the plea, the United States agreed to request dismissal of the other two charges arising from a separate carjacking on September 15, 2015. *Id*. The Plea Agreement notes that Goston had two prior convictions for carrying a concealed weapon in 2013 and in 2016. *Id*.

The United States District Court for the Eastern District of Michigan accepted Goston's guilty plea on Counts Eleven and Twelve and dismissed Counts Four and Five as requested. Criminal Judgment (docket no. 98), *United States v. Goston*, 5:15-cr-20694 (E.D. Mich. Sep. 25, 2017). That court imposed a sentence of one day for the Count 11 carjacking conviction and 84 months (the mandatory minimum) to be served consecutively for the Count 12 use of a firearm in the commission of a violent felony conviction. *Id*. This term of incarceration was

---

[1] To reduce confusion, going forward, the Respondent will refer to this criminal action as *United States v. Goston*.

2

substantially below what Goston and the United States projected under the United States Sentencing Guidelines. *See* Plea Agreement.

Assuming Goston receives all remaining good conduct time available to him, his projected release date is June 25, 2022. *See* Declaration of Corrie Dobovich, Exhibit 1.

### B. Petitioner's Motion For Compassionate Release In Federal Court In Michigan

On July 20, 2020, Goston filed a motion for compassionate release with his sentencing court, referencing the First Step Act and 18 U.S.C. § 3582(c)(1)(A). Motion for Compassionate Release (docket No. 118), *United States v. Goston*, 5:15-cr-20694 (E.D. Mich. July 20, 2020) (the "CR Motion"). In his CR Motion, Goston argued that FCI Fort Dix's administrative form to request compassionate release or a reduction in sentence was flawed. *Id*. He argued that BOP had "thwarted" his efforts to seek compassionate release or a reduction in sentence, but did not allege what steps he had taken in such efforts. *Id*. He then argued that any administrative exhaustion requirement be waived by his sentencing court because of the "exigent circumstances" surrounding the Covid-19 pandemic, but again, he did not offer any description of any steps he took to pursue administrative remedies. *Id*. He alleged that he suffers from asthma, but he offered no medical records or other evidence to substantiate this claim. *Id*. He neglected to acknowledge that he pleaded guilty to two violent felonies. *Id*.

The United States responded to Goston's CR Motion, stating that, as of September 17, 2020, he had never submitted "any sort of compassionate release or

3

reduction in sentence request with FCI Fort Dix, where he is housed." United States' Supplemental Response in Opposition (docket no. 123), *United States v. McGowan et al.*, 5:15-cr-20694 (E.D. Mich. Sep. 18, 2020). Conceding the point, Goston responded by filing a copy of a Compassionate Release/Reduction in Sentence form, dated September 28, 2020, that he submitted to the Warden of FCI Fort Dix. Defendant's Answer to The Government's Response (docket no. 126), *United States v. Goston*, 5:15-cr-20694 (E.D. Mich. Sep. 28, 2020).

Goston's sentencing court, however, effectively waived the administrative exhaustion requirement and reviewed the CR Motion on the merits. Order (docket no. 125), *United States v. Goston*, 5:15-cr-20694 (E.D. Mich. Oct. 9, 2020). The sentencing court then denied the CR Motion "because Defendant's medical records do not demonstrate extraordinary and compelling reasons for compassionate release." *Id.* at 4. The sentencing court left open the possibility that Goston could "renew" his CR Motion should his condition change. *Id* at 5-6.

On December 4, 2020, Goston accepted that invitation and requested reconsideration of his CR Motion. Motion to Request Renewal of Compassionate Release Motion with Supplemental Arguments Added (docket no. 133), *United States v. Goston*, 5:15-cr-20694 (E.D. Mich. Dec. 4, 2020) (the "Renewed CR Motion"). In the Renewed CR Motion, Goston highlights his body mass index of 31, the transfer of inmates to FCI Fort Dix from FCI Elkton, and an increase in Covid-19 infections at FCI Fort Dix. *Id.* He also attached medical records from November 2020 that show a BMI of 31 and mild asthma that is treated with intermittent

4

inhaler use. *Id*. The Renewed CR Motion offers no further information regarding administrative exhaustion. *Id*.

On January 6, 2020, the United States filed a comprehensive response to the Renewed CR Motion. United States' Response (docket no. 136), *United States v. Goston*, 5:15-cr-20694 (E.D. Mich. Dec. 23, 2020). In its Opposition, the United States stated that the "government is not contesting exhaustion" based on Goston's compassionate release request to Respondent on September 28, 2020. *Id*. at 4.

The Renewed CR Motion is still pending.

### C. Petitioner's Relevant Administrative History And Use Of The BOP Form At Issue Here

BOP developed a program statement that provides guidance regarding inmate requests for compassionate release or a reduction in sentence pursuant to 18 U.S.C. §§ 3582, 4205(g). Declaration of Karlton Byrd ¶ 3 and Exhibit 1 (BOP Program Statement 5050.50). In 2020, during the Covid-19 pandemic, Respondent developed a one-page form to assist inmates in applying for compassionate release or reduction in sentence pursuant to P.S. 5050.50. Byrd Decl. ¶ 5 and Exhibit 2 (the "CR/RIS form"). As shown on the form, inmates are directed to refer to P.S. 5050.50 and are afforded spaces to present a brief explanation of grounds for relief. *Id*.

Respondent issued the CR/RIS form to all inmates at FCI Fort Dix on June 30, 2020. Byrd Decl. ¶ 6. (Note that this was 20 days before Goston filed the CR Motion with his sentencing court.) On September 28, 2020, almost three months after receiving the CR/RIS form from Respondent, Goston submitted a completed CR/RIS form to Respondent. *Id*. ¶ 7, Exhibit 3. On November 10, 2020, Respondent

5

denied Goston's administrative CR/RIS request. *Id.*, Exhibit 4. BOP has no record that Goston appealed this denial through the administrative remedy program. Declaration of Corrie Dobovich ¶ 6. Indeed, Goston has never submitted an administrative grievance of any kind. *Id.* ¶ 5. As noted above, the United States is no longer contesting administrative exhaustion regarding the Renewed CR Motion.

### D.   Petitioner's Action In This Court

On November 9, 2020, while his CR/RIS request remained pending with Respondent, Goston initiated the instant civil action with the Motion to Report. ECF 1. In the Motion to Report, signed and dated November 2, 2020, Goston alleges that his Case Manager denied him an administrative remedy form and that a lockdown at FCI Fort Dix prevented him from seeking administrative relief. *Id.* at Page 3 of 8. Goston does not indicate what form he was denied or what relief he planned to seek. Goston quotes language from the sentencing court Order denying him compassionate release, but fails to attach that Order or address the fact that his sentencing court denied him relief on the merits. *Id.* at Page 6 of 8 to 8 of 8. As relief for the Motion to Report, Goston requests that this Court "find that FCI Fort Dix has violated the First and Fourteenth Amendment Rights of the Petitioner." *Id.* at Page 8 of 8. Goston does not seek immediate release as relief.

To date, Goston has not updated this Court on the facts that (1) Respondent denied his CR/RIS request on November 10, 2020; or (2) Goston filed the Renewed CR Motion with his sentencing court.

This Court construed the Motion to Report as a petition for habeas corpus under 28 U.S.C. § 2241 ("Section 2241") and directed him to pay a $5 filing fee for a

6

habeas petition. ECF 2. In doing so, this Court noted that Goston's sentencing court denied his CR Motion on the merits. *Id.*, n.1. On January 4, 2021, the Court ordered the Respondent to answer the Motion to Report. ECF 3.

## ARGUMENT

This Court should dismiss Goston's Motion to Report, or deny it on the merits, for any of the following independent reasons. Respondent notes again that Goston does not actually request release from this Court, but instead seeks relief in the form of a declaratory judgment regarding vague, purported constitutional violations.

### A. This Action Must Be Dismissed For Mootness And Lack Of Standing

Goston complains that the RC/RIS form at FCI Fort Dix interferes with his access to his sentencing court to seek relief under 18 U.S.C. § 3582(c)(1)(A)(i). His position is refuted by the record before his sentencing court as well as by the Sixth Circuit opinion cited by his sentencing court. The fact is that Goston's complaints are moot and he lacks standing to challenge the RC/RIS form.

The Third Circuit described the mootness doctrine as follows in a prisoner habeas matter:

> Under Article III of the Constitution, a federal court may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

7

*Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (internal citations and quotation marks omitted). Similarly, to establish standing, a habeas petitioner "must demonstrate a concrete and particularized, actual or imminent, injury in fact" and cannot "merely assert a harm that is a generalized grievance shared in substantially equal measure by all or a large class of citizens." *Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010) (internal citations and quotation marks omitted).

Even if, as alleged by Goston, the CR/RIS form in use at FCI Fort Dix were constitutionally infirm, it has not prevented him from seeking relief in the United States District Court for the Eastern District of Michigan. The sentencing court declined to dismiss his CR Motion for failure to exhaust and instead denied it on the merits. Order (docket no. 125), *United States v. Goston*, 5:15-cr-20694 (E.D. Mich. Oct. 9, 2020). The sentencing court invited Goston to re-file his CR Motion if he faced changed circumstances. *Id*. Goston has very recently taken up that opportunity, and the United States opposed him, but waived any objection regarding administrative exhaustion. The sentencing court may have raised administrative exhaustion in the first round, but it mooted the issued and indicated an unhesitating willingness to consider the merits of Goston's claim for compassionate release. Goston's challenge is thus mooted here.

Further, Goston has now met the facial exhaustion requirements of the First Step Act by submitting the CR/RIS form on September 28, 2020. *See* 18 U.S.C. § 3582(c)(1)(A) ("after the defendant has fully exhausted all administrative rights to

8

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or the lapse of 30 days from the receipt of such a request by the warden** of the defendant's facility, **whichever is earlier**") (emphasis added). As noted by the sentencing court, the Sixth Circuit has ruled that these are the exhaustion requirements for a Covid-19 related compassionate release motion. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). The United States is not contesting that Goston exhausted before filing his Renewed CR Motion. Goston has no standing to attack the CR/RIS form because he has no particularized injury, no remaining hurdle to seeking relief in his sentencing court.

Without a case or controversy, this Court cannot proceed on the Motion to Report, which instead must be dismissed.

### B. There Is No Jurisdiction To Hear Goston's Motion To Report Because He Does Not Seek Immediate Release From This Court

The Court lacks habeas jurisdiction over the Motion to Report because Petitioner does not present a "core" habeas claim. He lodges an attack on the format of the CR/RIS form and Respondent's alleged handling of compassionate release requests – but he does not, and cannot, allege that Respondent has actually impeded any access he may have to compassionate release. Instead, this is a policy dispute. Goston really seeks a declaratory judgment, which would require a civil complaint (and the associated filing fees).

Habeas corpus relief under Section 2241 "is available only 'where the deprivation of rights is such that it necessarily impacts the fact or length of detention.'" *Bonadonna v. United States*, 446 F. App'x 407, 409 (3d Cir. 2011)

9

(quoting *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002)). The Third Circuit also permits an inmate to bring a Section 2241 petition to challenge the execution of his federal sentence, where BOP is allegedly violating a statute or "BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *See Cardona v. Bledsoe*, 681 F.3d 533, 537 (3d Cir. 2012) (discussing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir. 2005); *McGee v. Martinez*, 627 F.3d 933, 936-37 (3d Cir. 2010)).

"By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core" habeas jurisdiction. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Stanko*, 393 F. App'x at 851 (holding that district court properly dismissed prisoner's claims of cruel and unusual punishment and constitutional violations resulting from the seizure of his papers because those claims "clearly fall outside the realm of challenges brought in habeas").

Federal prisoners wishing to pursue such claims must use other legal means than habeas. The "appropriate remedy for such constitutional violations, if proven, would be a judicially mandated change in conditions and/or an award of damages, but not release from confinement." *Davis v. Pa. Dep't of Corrs.*, No. 15-587, 2015 U.S. Dist. LEXIS 137712, at *8 (W.D. Pa. Sept. 11, 2015) (citing *Murphy v. Brooks*, 132 F.3d 43 (10th Cir. 1997) (table)), *R&R adopted*, 2015 U.S. Dist. LEXIS 136918 (Oct. 7, 2015). Again, that is the kind of relief Goston seeks here – a declaratory judgment that current practice at FCI Fort Dix is unconstitutional. Courts in this

district have noted repeatedly that non-habeas matters must proceed by way of civil action (complaint), and thus, they implicate different filing fees, review standards, and consequences for dismissed claims. *See, e.g., Jackson v. Zickefoose*, Civ. No. 10-3150 (NLH), 2010 WL 5288475, at *1 (D.N.J. Dec. 15, 2010); *Decario v. Zickefoose*, Civ. No. 10-2059 (RMB), 2010 WL 4875684, at *1 (D.N.J. Nov. 23, 2010) *Gonzalez v. Lewars*, Civ. No. 09-2685 (RBK), 2009 WL 1873512, at *2 (D.N.J. June 29, 2009).

### C. This Court Should Permit The Sentencing Court To Adjudicate Goston's Compassionate Release Request

Goston complains here that Respondent is impeding his access to courts, suggesting that habeas relief is required for him to even begin to seek release. Despite this, he has a renewed request for compassionate release pending before his sentencing court. *See* Renewed CR Motion, *United States v. Goston*, 5:15-cr-20694 (E.D. Mich. Dec. 4, 2020). This Court should decline to exercise jurisdiction over the Motion to Report while Goston's real issue awaits adjudication in another federal court.

The Third Circuit has admonished district courts to decline to exercise jurisdiction over any Section 2241 habeas petition where another avenue for relief exists. *See Pollard v. Yost*, 406 F. App'x 635, 638 (3d Cir. 2011) (discussing *In re Dorsainvil,* 119 F.3d 245 (3d Cir.1997) in the context of possible relief through 28 U.S.C. § 2255 in a sentencing court). The only exception to such prudential declination of jurisdiction is where "it would be a complete miscarriage of justice were [the court] to decline to exercise § 2241 jurisdiction." *Id*.

11

Here, Goston already sought compassionate release from his sentencing court under the First Step Act. He has renewed that request and included additional information and argument. *See* Renewed CR Motion. As noted above, administrative exhaustion no longer appears to be at issue, but even if it arises, the sentencing court is capable of determining whether Goston exhausted or the requirement must be waived. There is no good cause for this Court to assume jurisdiction and manage parallel litigation at Goston's request. Out of comity and to promote judicial efficiency, this Court should decline jurisdiction and dismiss this Motion.

### D. Goston Has Not Exhausted Administrative Remedies Regarding His Policy Challenge

Again, through the Motion to Report, Goston challenges the policy and practice regarding CR/RIS forms at FCI Fort Dix. As with any challenge to BOP policy or conduct, he is required to seek an administrative remedy *first* and to exhaust all administrative remedies before proceeding in federal court. Goston has not even begun the administrative process on this particular issue.

Under the Prison Litigation Reform Act ("PLRA"), an inmate challenging the conditions of his confinement must exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a). This mandatory exhaustion requirement applies to all suits regarding prison life. "Where an administrative procedure is available, a plaintiff seeking to challenge prison conditions via a federal civil rights action must fully and properly exhaust his administrative remedies prior to filing suit, and district courts are without authority to excuse a plaintiff's failure to exhaust all

12

available administrative remedies." *Gonzalez-Perez v. Ortiz*, Civ. No. 18-9184 (NLH), 2019 WL 2067653, at *2 (D.N.J. May 10, 2019) (citing *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016)).

In this case, all inmates at FCI Fort Dix received a copy of the CR/RIS form on June 30, 2020. Byrd Decl. ¶ 6. Goston was on notice of the practice at that point and could have challenged its form and substance through BOP's administrative grievance process. He opted not to do so. Dobovich Decl. ¶ 4 (stating that BOP records show "Petitioner has never filed an Administrative Remedy while in BOP custody."). He cannot challenge the form and substance of the CR/RIS form in this Court on a constitutional basis having never submitted a grievance allowing BOP to address his complaints first.

Accordingly, this Court must dismiss the Motion to Report for failure to exhaust administrative remedies.

### E. The CR/RIS Form Creates No Constitutional Barriers To Relief

There are no grounds to proceed on the merits here, but even if this Court examines them, it should decline to order any relief. The CR/RIS form is adequate to initiate requests for compassionate release under BOP Program Statement 5050.50 and does not violate any constitutional guarantee of access to courts.

Goston argues that the CR/RIS form "'misleads inmates and makes it functionally impossible to request administrative Compassionate Release.'" ECF 1 at Page 6 of 8 (quoting his sentencing court). He argues that the form may deter inmates from seeking compassionate release through BOP administrative channels. *Id*. at Page 7 of 8.

13

At another point in the Motion to Report, Goston also claims that he "attempted to initiate an Administrative Remedy with the institution but was denied the necessary form by his Case Manager[.]" ECF 1 at Page 3 of 8. Goston does not indicate whether the "necessary form" was a copy of the CR/RIS form or another administrative remedy form. Respondent provided Goston with a copy of the CR/RIS form on June 30, 2020. Byrd Decl. ¶ 6. Goston submitted a completed copy of that form to Respondent on September 28, 2020, *id*. ¶ 7, and he signed and filed his Motion to Report *before* receiving the Respondent's written denial on November 10, 2020, *id*. Ex. 4, when he would have been able to appeal the denial. BOP's administrative denial of compassionate release resembles the denial by Goston's sentencing court in that neither found extraordinary and compelling reasons for release. *Compare* Byrd Decl. Ex. 4 *with* Order at 4-6 (docket no. 125), *United States v. Goston*, 5:15-cr-20694 (E.D. Mich. Oct. 9, 2020).

Clearly, Respondent has not blocked Goston from access to the courts through either the CR/RIS form or any alleged denial of an administrative form: Goston is proceeding right now in parallel litigation before his sentencing court and this Court. As Goston himself notes, a constitutional claim of denial of access to courts requires that he plead an actual injury from any action or policy of the prison. *Lewis v. Casey,* 518 U.S. 343, 351 (1996). The Third Circuit sets out the following elements to such a claim by a prisoner:

> Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an "actual injury"—that they lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2)

> that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit.

*Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). Goston can meet neither element here. As noted above, Goston has not "lost" any chance at a remedy. His sentencing court reviewed his CR Motion on the merits and his Renewed CR Motion is pending before the same court. The current "denial of access suit" is not his only remedy. No court has told Goston that he is barred from proceeding unless and until BOP takes some administrative action. Goston is crying wolf.

Finally, the CR/RIS form developed at FCI Fort Dix is merely a tool to assist inmates seeking compassionate release. Byrd Decl. ¶ 5. It does not limit or foreclose any of the applicable BOP policy regarding administrative access to compassionate release, and in fact, expressly directs inmates to refer to BOP Program Statement 5050.50, where the agency's policies on the matter can be found. *Id.*, Exs. 1, 2. While Goston's sentencing court may have observed it to be confusing, the CR/RIS form provides space for an inmate to describe and discuss his rationale for seeking relief. *Id.*, Ex. 2. Respondent notes that Goston made little use of this space in his submitted form, placing only the single word "asthma" in the space for an inmate to "describe your medical condition nr non-medical circumstance[.]" *Id.*, Ex. 3.

15

## **CONCLUSION**

For the foregoing reasons, Respondent requests that petition be dismissed or denied.

                                        Respectfully submitted,

                                        RACHAEL A. HONIG
                                        Acting United States Attorney

By:  */s/ John Stinson*
       JOHN STINSON
       Assistant United States Attorney
       *Attorneys for Respondent*

Date: January 11, 2021