UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUENTON GOSTON,<br><br>        Petitioner,<br><br>    v.<br><br>DAVID ORTIZ,<br><br>        Respondent. | Civil Action<br>No. 20-15703 (CPO)<br><br>OPINION |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

## I. BACKGROUND

This case arises from Petitioner's incarceration at FCI Fort Dix. The Court gleans from the limited allegations in the Petition, that Petitioner takes issue with the administrative remedy system at Fort Dix. (ECF No. 1, at 3.) Petitioner alleges that at some point during the COVID-19 pandemic, staff refused to provide him with a form necessary to advance his administrative remedies. (*Id*. at 3–4.) In his Answer, Respondent identifies the document as a compassionate release or a reduction in sentence form ("CS/RIS"), pursuant to 18 U.S.C. §§ 3582, 4205(g). (ECF No. 5, at 7.)

In July of 2020, Petitioner moved before his sentencing court for compassionate release, arguing that the COVID-19 pandemic constituted an "extraordinary and compelling reason" for his release. (ECF No. 1, at 6.) In that case, the Government moved to dismiss the motion for

Petitioner's failure to exhaust his administrative remedies. *United States v. Goston*, No. 15-20694, 2020 WL 5993235, at *1 (E.D. Mich. Oct. 9, 2020).

In his Petition, Petitioner alleged, with no explanation, that the CR/RIS form violated his right to access the courts and his right to due process, under the First and Fourteenth Amendments. (*Id*.) For the first time in his Reply, Petitioner alleged that because the CR/RIS form was misleading, he "could see no way forward to initiate his request for compassionate release [as] the form did not provide a 'non-categorical' provision." (ECF No. 6, at 2–3.) As a result, "Petitioner abandoned any hope of approaching his Sentencing Court." (*Id*. at 3.)

Eventually, however, Petitioner was able to circumvent the form, directly bring his requests to the Warden, and move for compassionate release before his sentencing court. (*Id*. at 3–6.) Due to the misleading form, Petitioner's sentencing court waived the requirement to exhaust his administrative remedies and addressed the motion for compassionate release on the merits. *Goston*, 2020 WL 5993235, at *1. The sentencing court had found that the CR/RIS form "could deter qualified people from applying for Compassionate Release by misleading them into thinking— incorrectly—that they need to be terminally ill in order to even request administrative release." (ECF No. 1, at 7.) In October of 2020, the sentencing court ultimately denied without prejudice Petitioner's motion for compassionate release on the merits but allowed Petitioner to renew his motion if his conditions changed. *Goston*, 2020 WL 5993235, at *2.

Petitioner filed the instant Petition in November of 2020. In terms of relief, Petitioner states that he "is not before this Court seeking Compassionate Release," nor is he seeking to impact the outcome of the proceedings before his sentencing court, he "merely seeks judgment on the constitutionality of the Fort Dix form." (ECF No. 6, at 5.) Although the CR/RIS form is no longer a barrier to Petitioner's compassionate release, it appears that he still wishes to challenge the form

2

on behalf of himself and the other prisoners at Fort Dix. (*Id*. at 3, 7.) Respondent filed an Answer opposing relief, (ECF No. 5), and Petitioner filed a Reply, (ECF No. 6.).

## II. STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

Where a petitioner fails to identify evidence outside the record that would support or "otherwise . . . explain how . . . an evidentiary hearing" would advance his claim, a court is within its discretion to deny an evidentiary hearing. *Campbell*, 209 F.3d at 287. In exercising that discretion, a court must accept the truth of a petitioner's factual allegations unless the record shows that they are clearly frivolous. *Friedland*, 879 F. Supp. at 434; *c.f. United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

### III.    DISCUSSION

In this case, Petitioner contends that Fort Dix's CR/RIS form prevented him from pursuing his administrative remedies and violated his constitutional rights. Under 28 U.S.C. § 2241(c), however, habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time" he files his petition. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)).

In other words, a petitioner must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" other legal proceedings. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). Stated differently, "unless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor," prisoners should bring a prison related claim through other legal avenues. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims related to Fort Dix's CR/RIS forms do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner's

challenges to the CR/RIS forms, however, do not challenge the fact or duration of his custody, *i.e.*, his *conviction or sentence*, as unconstitutional.

In other words, because a ruling in Petitioner's favor, such as a finding that the form violated his constitutional rights, "would not alter his sentence or undo his conviction," he cannot proceed by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 681 (3d Cir. 2009). As a result, this Court lacks jurisdiction to hear these claims. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi*, 353 F. App'x at 681. For those same reasons, among others,[1] to the extent Petitioner seeks to litigate the constitutionality of the CR/RIS forms on behalf of other inmates at the prison, he cannot proceed on such claims by habeas petition.

Additionally, Petitioner's sentencing court has already waived his requirement to exhaust his administrative remedies as to his compassionate release proceedings. *Goston*, 2020 WL 5993235, at *1. Article III of the Constitution requires that a petitioner's claim "be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist[,] the Court must dismiss the case for lack of jurisdiction." *Moncrieffe v. Yost*, 397 F. App'x 738, 739 (3d Cir. 2010) (per curiam) (quoting *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974

---

[1] If Petitioner were to file a class action complaint, he would face a number of difficulties in pursuing that course of action. Under Federal Rule of Civil Procedure 23(a)(4), plaintiffs can only maintain a class action if the class representative "will fairly and adequately protect the interests of the class." *Hennessey v. Atl. Cty. Dep't of Pub. Safety*, No. 06-143, 2006 WL 2711510, at *4 (D.N.J. Sept. 18, 2006). "When confronting a request for class certification from a *pro se* litigant, however, courts have found that *pro se* plaintiffs generally cannot represent and protect the interests of the class fairly and adequately." *Id*. (citing *Cahn v. U.S.*, 269 F. Supp. 2d 537, 547 (D.N.J. 2003)).

Here, Petitioner is a *pro se* prisoner without formal training in the law. Thus, a court would likely find that he would not be able to represent the interests of the class and maintain this suit as a class action. *Id*. (citing *Krebs v. Rutgers*, 797 F. Supp. 1246, 1261 (D.N.J. 1992) (denying class certification to *pro se* plaintiffs without sufficient legal education)). Further, a court would likely find that Petitioner is no longer a member of the class in question as his sentencing court has waived his exhaustion requirement.

5

(3d Cir. 1992)).  Article III denies a court "the power to decide questions that cannot affect the rights of litigants before it," and confines a court to resolving live controversies that involve "specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)) (internal quotation marks omitted).

As Petitioner's sentencing court has waived his requirement to exhaust his administrative remedies in his compassionate release proceedings, the CR/RIS form no longer presents any obstacle to Petitioner's compassionate release.  In other words, assuming *arguendo*, that the CR/RIS form was unconstitutional, it no longer has any effect, constitutional or otherwise, on Petitioner.  To proceed in this case, would be to ask the Court to assume a hypothetical set of facts, where the validity of the form could still impact Petitioner's rights.  Accordingly, there is no live controversy in this case, and Petitioner's claims appear to be moot. (ECF No. 6, at 2–3.)  As a result, the Court will alternatively dismiss this matter for lack of jurisdiction as moot.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction.  An appropriate Order follows.


DATED:  May 5, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**